# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| AUREA MARIE KAAUAMO,<br><br>Plaintiff,<br><br>v.<br><br>LEGACY DEVELOPMENT, LLC, *et al.*,<br><br>Defendants. | Case No. 18-cv-00460-DKW-RLP<br><br>**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS**[1] |

On November 26, 2018, this case was transferred to the U.S. District Court for the District of Hawaiʻi pursuant to an Order and Memorandum Opinion issued by Judge Christopher R. Cooper of the U.S. District Court for the District of Columbia. Dkt. Nos. 7-9. While this case was pending before the Court in the District of Columbia, the Defendants, Legacy Development, LLC (Legacy), Emily Bowden, Christopher J. Williams, and Maui Process Services, LLC (MPS, and, collectively with Legacy, Bowden, and Williams, the "named defendants"), filed two motions to dismiss the pro se Complaint filed by Plaintiff Aurea Marie Kaauamo. Dkt. Nos. 3, 5. One of the motions to dismiss was filed pro se by Bowden on behalf of herself

---

[1] Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

and Legacy (Dkt. No. 3), while the second motion to dismiss was filed by counsel on behalf of Williams and MPS (Dkt. No. 5).[2]

The arguments made in the motions to dismiss are largely identical. The two motions both argue that the Complaint should be dismissed because: (1) Kaauamo failed to state a claim upon which relief can be granted on the ground that her lease was void and, thus, she had no right to possession of the property at issue in this case; (2) Kaauamo failed to state a claim upon which relief can be granted on the ground that she is not a bona fide tenant under the Protecting Tenants in Foreclosure Act; (3) Kaauamo failed to allege that the Court for the District of Columbia had personal jurisdiction over the named defendants; and (4) Kaauamo failed to allege why venue is proper in the District of Columbia as the property at issue in this case is located on Maui, the parties reside on Maui, and all the events alleged in the Complaint occurred on Maui. In addition, (5) MPS argues that the Complaint should be dismissed because Kaauamo failed to state a claim against it on the ground that it is authorized to execute on writs of possession and a valid writ was issued; and (6) Bowden and Legacy argue that the Complaint should be dismissed for failure to properly serve them.

In light of the Order and Memorandum Opinion transferring this case to the District of Hawaiʻi, the named defendants' arguments regarding lack of personal

---

[2] After transfer of this case to this District, an attorney, Samuel Phillip Shnider, entered an appearance on behalf of all the named defendants.

jurisdiction and improper venue are MOOT, given that they all assert the property at issue in this case is located on Maui, the parties reside on Maui, and all the events alleged in the Complaint occurred on Maui. As for the remaining arguments, regarding purported failures to state a claim and improper service, so the record is clear and updated, and given the appearance of new counsel, the Court DENIES WITHOUT PREJUDICE those arguments, and instructs the named defendants to file anew if they wish to do so.

Before doing so, however, the named defendants should bear in mind the following. At the Rule 12(b)(6) stage of proceedings, the Court must accept as true the factual allegations in the Complaint. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Based upon the Court's review of the Rule 12(b)(6) arguments in the motions to dismiss, at the very least, the arguments pertaining to Kaauamo's lease being void and MPS being authorized to execute on valid writs of possession appear to be based upon alleged facts that are not made in the Complaint. Thus, to the extent the named defendants' Rule 12(b)(6) arguments rely upon purported facts that are not pled, they should not raise them again in a motion to dismiss, unless there is some other basis that permits their consideration by the Court. *See, e.g., Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir.

2010) ("On a motion to dismiss, we may consider materials incorporated into the complaint or matters of public record.").[3]

As for the argument that Bowden and Legacy did not receive proper service, to the extent they wish to make this argument anew in any subsequent motion to dismiss filed on their behalf, they should be sure to provide a clear explanation for why this case should be dismissed on that ground. *See* Fed.R.Civ.P. 4(m) (providing that, if a defendant is not served within 90 days of the filing of a complaint, a court must either dismiss the action without prejudice or order that service be made within a specified time).[4]

Finally, should the named defendants move for dismissal anew, they should be sure to state whether they are moving for dismissal of the Complaint in toto or in part. At present, it appears that the named defendants seek dismissal of the Complaint in toto, given that both motions to dismiss ask for the *action* to be dismissed. If that is the case, the named defendants should be sure to address *all* of

---

[3]For example, Bowden's assertion in her motion to dismiss (an assertion that appears to have been copied word-for-word in Williams and MPS' motion to dismiss)−that she did not have notice of Kaauamo's lease−is not based on an allegation in the Complaint, is not contained in a document incorporated into the Complaint, and, based on the materials provided to the Court, is not a matter of public record. In this light, it is perhaps not surprising that the Court for the District of Columbia cited to the motions to dismiss as motions for summary judgment. *See* Dkt. No. 8 at 1.
[4]To the extent it is relevant, the Court notes that the named defendants have evidently received notice of this action and counsel has now entered an appearance on behalf of each of them.

4

the claims asserted in the Complaint, including (without limitation) Kaauamo's alleged claim(s) under the Fair Debt Collection Practices Act.

IT IS SO ORDERED.

Dated: November 30, 2018 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

Aurea Marie Kaauamo v. Legacy Development, LLC, et al.; Civil No. 18-00460 DKW RLP; **ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS**

5