IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| AUREA MARIE KAAUAMO,<br><br>Plaintiffs,<br><br>vs.<br><br>LEGACY DEVELOPMENT, LLC; EMILY BOWDEN; CHRISTOPHER J. WILLIAMS, and MAUI PROCESS SERVICES, LLC<br><br>Defendants. | CIVIL NO. 18-00460 DKW-RLP<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |

This action alleges violations of the Protecting Tenants in Foreclosure Act (PTFA), the Fair Debt Collection Practices Act (FDCPA), and various state law provisions.[1] Compl., Dkt. No. 1. For the reasons set forth below, Defendants' motions to dismiss (Dkt. Nos. 17, 19) are GRANTED as to Kaauamo's PTFA and FDCPA claims, the defects of which cannot be cured by amendment. Because these federal claims are the *only* federal claims asserted in this case premised on jurisdiction under 28 U.S.C. §1331, and because there is no reason for this Court to

---

[1] Kaauamo's state law claims include fraud, misrepresentation and what she alternately refers to as the Unfair and Deceptive Practices Act, the Unfair Deceptive Act, the Deceptive Act Practice, and the Unfair Deceptive Business Practices Act, all of which the Court interprets as references to the Unfair and Deceptive Trade Practices Act (HRS §480-2). *See* Compl. at 6-10.

exercise its discretion otherwise, the Court declines supplemental jurisdiction over the remaining state law claims. Those state law claims are therefore also DISMISSED, albeit without prejudice.

## BACKGROUND

In Spring 2018, Legacy Development purchased the real property located at 942 Akaiki Place, Wailuku, Maui, Hawai'i (the "Property"). Compl. ¶¶5, 7. Kaauamo had been a lessee of the Property for five years at the time it was foreclosed on by Wells Fargo and sold to Legacy. Compl. ¶¶5, 8, 9. Legacy retained Maui Process Services (MPS) and MPS employee, Christopher Williams, to assist with evicting Kaauamo. Compl. ¶6; Dkt. No. 17 at 2.

On December 14, 2018, the MPS and Legacy Defendants[2] separately filed motions to dismiss. Dkt Nos. 17, 19. Collectively, these motions assert that: (1) Kaauamo failed to state a PTFA claim because her lease was void and, thus, she had no right to possession of the Property; (2) Kaauamo failed to state a PTFA claim because she is not a *bona fide* tenant within the meaning of the Act; (3) Kaauamo failed to state a FDCPA claim because none of the defendants are "debt

---

[2]The MPS Defendants are MPS and Williams. The Legacy Defendants are Legacy and its principal, Emily Bowden.

collectors" within the meaning prescribed by the FDCPA; and (4) the Complaint is incomprehensible and should be re-pled under Fed.R.Civ.P. 12(e).  In addition, the Legacy Defendants argue that they were not properly served.

Through supplemental briefing (Dkt. Nos. 36-37, 40), the parties also addressed the impact of the *Rooker-Feldman* doctrine on this case and whether the PTFA claim is barred for the additional reason that it affords no private right of action.  This disposition follows.

## STANDARD OF REVIEW

### I. Rule 12 Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  Accordingly, "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2). *Id*. at 679.

## II. Pro Se Status

Because Kaauamo is proceeding pro se, the Court liberally construes her filings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). With that in mind, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

A court, however, may deny leave to amend where, *inter alia*, amendment would be futile. *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

///

///

4

## DISCUSSION

Though at times difficult to decipher, the gravamen of Kaauamo's federal claims focus on two elements: (1) that her eviction violates the PTFA, and (2) that the means employed by Defendants to effectuate her eviction violate the FDCPA. Because neither theory can be sustained under the circumstances presented here, Kaauamo's federal claims are dismissed for failure to state a claim under Rule 12(b)(6).

## I. PTFA Claim

Kaauamo alleges that her eviction violates the Protecting Tenants in Foreclosure Act. Compl. ¶6. She states that she was a tenant of the Property for five years, leasing it from her aunts, who were the owners of the Property prior to foreclosure. *Id.* ¶8. Kaauamo asserts that she is a *bona fide* tenant within the meaning of the PTFA. *Id.* ¶9. She also appears to assert that she has a right to live on the Property until the lease expires in 2030. Compl. ¶11; Dkt No. 3-5 at 1. Kaauamo also alleges that Legacy violated Section 304 of the PTFA by not giving her 90 days' notice prior to eviction. Compl. ¶10. Kaauamo argues that because she was not named on the Writ of Possession or served with notice of Legacy's complaint for ejectment, her eviction is improper. *Id.* ¶16.

Defendants argue that Kaauamo has failed to state a PTFA claim for various reasons, including that: (1) Kaauamo is not a *bona fide* tenant within the Act's meaning (Dkt. No. 19 at 6); and (2) there is no private right of action under the PTFA (Dkt. No. 37 at 4-5). Although the Court cannot consider several of the assertions made by Defendants in support of their arguments,[3] the Court agrees that Kaauamo's PTFA claim must be dismissed because Kaauamo has no right to bring it.

The PTFA generally requires any party acquiring an interest in property through foreclosure to provide existing tenants with ninety days' notice to vacate. *See* Pub.L. No. 111–22, tit. VII, §702, 123 Stat. 1632, 1660–61 (2009). However, the Ninth Circuit has held that Congress did not create a private right of action to enforce the PTFA. *Logan v. U.S. Bank Nat. Ass'n,* 722 F.3d 1163, 1169 (9th Cir. 2013) ("We conclude that the [PTFA] neither explicitly nor impliedly creates a private right of action."); *see also Nat'l Trust Co. v. Eaddy,* 2012 WL 4173987, at * 1 (N.D.Cal. 2012); *Nativi v. Deutsche Bank Nat'l Trust Co.,* 2010

---

[3]For example, in support of their *bona fide* tenant defense, the Legacy Defendants argue that the terms of the lease set rent at "substantially less than market." Dkt. No. 19 at 6-7 (quoting PTFA §702(b)(3)). Defendants may be right. But how the Court is to determine that on the face of the pleadings (or even by reference to the lease), where no allegation addresses the market context of Kaauamo's $800/month rental rate, is unclear. Legacy's conclusion cannot be accepted as true on a Rule 12 motion.

WL 2179885 (N.D.Cal. 2010). As such, Kaauamo's PTFA claim is dismissed *with prejudice*.

## II. FDCPA claim

Kaauamo alleges that Legacy and MPS violated the FDCPA in its entirety (15 U.S.C. §§1692-1692p) and the specific FDCPA provisions against "harassment or abuse" (§806), "false or misleading representations" (§807), and "unfair practices" (§808). Compl. ¶4 (citations as used in the Complaint). She specifies that Legacy violated the FDCPA by not following the procedures outlined for lawful debt collection, including the requirement that Legacy inform debtors that it was attempting to collect a debt upon first contact. Compl. ¶12. Kaauamo also alleges that MPS and Williams threatened to have Child Protective Services take away her children and have Kaauamo jailed if she did not vacate the Property, presumably in violation of the "harassment and abuse" and "false and misleading representation" protections of the FDCPA. *Id.* ¶6.

The FDCPA prohibits "debt collectors" from engaging in various unlawful debt collection practices, including the making of "false, deceptive or misleading representations." 15 U.S.C. §§1692a, 1692e. A "debt collector" includes any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id*. §1692a(6). A "debt" is

7

defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Id*. §1692a(5).

Nothing in Kaauamo's Complaint indicates that her interaction with any of the Defendants related to a debt she owed to any of them. Kaauamo was a lessee of the Property, a tenant of Wells Fargo's mortgagor (Kaauamo's relatives). Compl. ¶8. As such, if she owed a debt to anyone, it was to her own relatives, not to Wells Fargo's successor owner, Legacy. Nor did Kaauamo owe anything to the MPS Defendants, who were Legacy's process servers during the ejectment action.

Moreover, even if Kaauamo's complaint can somehow be described as relating to a "debt," none of the Defendants qualify as "debt collectors." In defining the term debt collector—and limiting the applicability of the FDCPA to those defined debt collectors—the FDCPA enumerates several exclusions. Specifically, listed among those persons and entities excluded from the definition of debt collector are "any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt." §1692a(6)(D). That excludes the MPS Defendants. Kaauamo fares no better

with respect to the Legacy Defendants, who were the Property's owner and developer, and to whom Kaauamo owed nothing. The business of the Legacy Defendants is the development of small properties, and in conjunction with that development effort, the Legacy Defendants pursued possession of the Property upon purchasing it. There is no hint in the record that Legacy was in the business of collecting debts. *See* §1692a(6).

Since none of the Defendants was collecting a debt and, in fact, Kaauamo admits that, as the lessee of the Property under pre-Legacy owners, she owed no debt to either the Legacy Defendants or to their process servers, Kaauamo has no FDCPA claim.[4]

---

[4] Defendants also challenge subject matter jurisdiction. Legacy argues that the *Rooker-Feldman* doctrine prevents Kaauamo from bringing some or all of her claims. Dkt. No. 36 at 3-4. "The *Rooker-Feldman* doctrine recognizes that federal district courts generally lack subject matter jurisdiction to review state court judgments." *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)). Although the Court does not reach this issue because the state court record before the Court is not complete, Defendants appear to be correct. Here, Kaauamo asks this Court to invalidate the Writ of Possession granted by the state court and to allow her to resume her status as the Property's lessee. Compl. at 11 (seeking, among other things, "an order of restitution regarding legal rights as tenant," "[t]o enforce Plaintiff's [] continuance of the term of the lease agreement until expired," and an "injunction against the Defendant from evicting the Plaintiff and her 2 children" from the Property). Although Kaauamo argues that the Writ does not name her and that the ejectment case through which the Writ was granted did not name her as a defendant (Compl. ¶5), the Writ not only ejects the defendants named on its face (*e.g.* Kaauamo's lessors), it also gives Legacy the *right of possession*. This action then clearly represents Kaauamo's attempt to dispossess the Legacy Defendants from the Property, contrary to what the state court has already ruled. There appears to be no way to grant the relief that Kaauamo seeks without disrupting the state court's

## III. Supplemental Jurisdiction

Kaauamo's PTFA and FDCPA claims are the only federal claims she asserts in this case that is jurisdictionally based on 28 U.S.C. §1331. *See* Compl. ¶¶ 1-4. Because her federal claims cannot be sustained, and because no other basis for original jurisdiction exists, the Court turns to whether to exercise supplemental jurisdiction over Kaauamo's remaining state law claims. *See* 28 U.S.C. §1367(c)(3).

Where, as here, all federal claims are dismissed before trial, the exercise of jurisdiction over the remaining state claims is a matter of the Court's discretion. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Although neither retention nor dismissal is mandatory, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7

---

judgment. *See Noel v. Hall,* 341 F.3d 1148, 1158 (9th Cir. 2003) (Where *Rooker–Feldman* applies, a federal court "must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision").

(1988), *superseded on other grounds by statute as recognized in Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557 (10th Cir. 2000). That is precisely the case here. Neither fairness, nor judicial economy nor convenience to the parties counsel in favor of retaining jurisdiction. As this case is in its infancy, this Court has yet to invest the significant time that might counsel in favor of retaining the state law claims. Moreover, the remaining claims concern alleged state law violations and "decisions of state law should be avoided both as a matter of comity and to promote justice between the parties by procuring for them a sure-footed reading of applicable law." *United Mine Workers*, 383 U.S. at 726. Having carefully considered the relevant factors, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses them without prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are GRANTED as to Kaauamo's PTFA and FDCPA claims. These federal claims are DISMISSED with prejudice. The Court declines to exercise supplemental

jurisdiction over the remaining state law claims, which are DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: April 12, 2019 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge

*Kaauamo v. Legacy Development, LLC et al.,* CV. NO. 18-00460 DKW-RLP;
**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**